■ Thomas O'Hare, Respondent, v City of New York, Defendant and Third-Party Plaintiff-Respondent. Schiavone Construction Co., Inc., Third-Party Defendant-Appellant. [720 NYS2d 523] —In an action to recover damages for personal injuries, the third-party defendant, Schiavone Construction Co., Inc., appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 5, 2000, as denied that branch of its cross motion which was to dismiss the cause of action to recover damages pursuant to Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff is a maintenance engineer and an employee of the third-party defendant, Schiavone Construction Co., Inc. (hereinafter Schiavone). He was injured when using planking to exit a concrete pit area after servicing a pedestal crane at a construction site. The planking, which allegedly covered access to the stairs providing egress from the area, broke lengthwise and caused the plaintiff to fall.

The Supreme Court, *inter alia,* denied that branch of Schiavone's motion which was to dismiss the plaintiff's cause of action based on a violation of Labor Law § 241 (6). We affirm.

The plaintiff was engaged in activity protected under the Labor Law since the work he performed was part of the ongoing construction at the worksite (*see, Covey v Iroquois Gas Transmission Sys.,* 89 NY2d 952). To prevail on a cause of action asserted under Labor Law § 241 (6), a plaintiff must establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-504). Contrary to Schiavone's contentions, the regulations relied on by the plaintiff, 12 NYCRR 23-1.7 (f) and 23-1.22 (b) (2), set forth specific standards of conduct sufficient to support the Labor Law § 241 (6) cause of action (*cf., Reisch v Amadori Constr. Co.,* 273 AD2d 855; *Akins v Baker,* 247 AD2d 562).

The parties' remaining contentions are without merit. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.