KEITH DONOHUE et al., Appellants-Respondents, v CJAM ASSOCIATES, LLC, et al., Respondents-Appellants, and GII CONSTRUCTION Co., INC., et al., Respondents. [803 NYS2d 132]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 9, 2004, as granted those branches of the motion of the defendants CJAM Associates, LLC, and McCann Real Equities Development, LLC, and

the separate motion of the defendants GII Construction Co., Inc., and Pathmark Stores, Inc., which were for summary judgment dismissing the plaintiffs' claims based on Labor Law § 240 (1) and § 241 (6) predicated upon alleged violations of 12 NYCRR 23-1.7, 23-1.22, and 23-1.15 insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against the defendants CJAM Associates, LLC, GII Construction Co., Inc., Pathmark Stores, Inc., and McCann Real Equities Development, LLC; and the defendants CJAM Associates, LLC, and McCann Real Equities Development, LLC, cross-appeal from stated portions of the same order which, inter alia, denied those branches of their motion which were for summary judgment dismissing the plaintiffs' claims based on common-law negligence and Labor Law § 200.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants CJAM Associates, LLC, and McCann Real Equities Development, LLC, and the separate motion of the defendants GII Construction Co., Inc., and Pathmark Stores, Inc., which were for summary judgment dismissing the plaintiffs' claim based on Labor Law § 241 (6) predicated upon an alleged violation of 12 NYCRR 23-1.15 insofar as asserted against them, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Keith Donohue (hereinafter the injured plaintiff) was injured at a construction site when he fell from a ramp which provided access to the building where he was working. The ramp, which ran from the loading dock of the building to the ground, contained a safety railing that collapsed when the plaintiff grabbed it, causing him to fall. The injured plaintiff and his spouse commenced this action, alleging, among other things, violations of Labor Law §§ 200, 240 (1), and § 241 (6), and based on common-law negligence. The Supreme Court, inter alia, granted summary judgment to the defendants CJAM Associates, LLC (hereinafter CJAM), McCann Real Equities Development, LLC (hereinafter McCann), GII Construction Co., Inc. (hereinafter GII), and Pathmark Stores, Inc. (hereinafter Pathmark), dismissing the plaintiffs' Labor Law § 240 (1) and § 241 (6) claims insofar as asserted against those defendants, but declined to dismiss the plaintiffs' common-law negligence and Labor Law § 200 claims. These appeals and cross-appeals ensued.

The ramp from which the injured plaintiff fell was not being

utilized in the performance of his work in the building under construction, i.e., it was not being utilized as a ladder, scaffold, hoist or other safety device for the benefit of the injured plaintiff in his work. Rather, it was used as a passageway for laborers at the work site and, as such, did not come within the purview of Labor Law § 240 (1) (*see Paul v Ryan Homes*, 5 AD3d 58, 61 [2004]; *De Jara v 44-14 Newtown Rd. Apt. Corp.*, 307 AD2d 948, 949 [2003]; *Straight v McCarthy Bros. Co.*, 222 AD2d 775, 776 [1995]; *Laterra v Rockville Ctr. Union Free School Dist.*, 186 AD2d 789 [1992]). Accordingly, the Supreme Court properly dismissed the plaintiffs' Labor Law § 240 (1) claim insofar as asserted against CJAM, McCann, GII and Pathmark.

However, contrary to the determination of the Supreme Court, 12 NYCRR 23-1.15 is specific enough to support the plaintiffs' Labor Law § 241 (6) claim (*see Ferreira v Unico Serv. Corp.*, 262 AD2d 524, 524-525 [1999]; *Skudlarek v Bethlehem Steel Corp.*, 251 AD2d 973, 974 [1998]; *Sasso v NYMED, Inc.*, 238 AD2d 799, 801 [1997]). As triable issues of fact exist as to whether the safety railing in question was constructed in accordance with the requirements of 12 NYCRR 23-1.15, the Supreme Court erred in dismissing the plaintiffs' Labor Law § 241 (6) claim premised on a violation of that Industrial Code section.

The Supreme Court properly denied those branches of the motion of CJAM and McCann which were for summary judgment dismissing the claims alleging a violation of Labor Law § 200 and common-law negligence claims. CJAM and McCann failed to sustain their burden of establishing that they did not supervise or control the work which caused the injured plaintiff's injuries (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]; *Mennerich v Esposito*, 4 AD3d 399, 401 [2004]).

The parties' remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.