■ JERZY GRABOWSKI, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and D'ONOFRIO GENERAL CONTRACTORS CORP., Doing Business as D'ONOFRIO GENERAL CONTRACTORS CORPORATION, Appellant. [898 NYS2d 261]—

In an action to recover damages for personal injuries, the defendant D'Onofrio General Contractors Corp., doing business as D'Onofrio General Contracting Corporation, appeals, as limited

by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 19, 2009, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the appellant payable by the plaintiff, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is denied, that branch of the appellant's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it is granted, and, upon searching the record, summary judgment is awarded to the defendant Consolidated Edison Company of New York, Inc., dismissing that cause of action insofar as asserted against it.

The plaintiff was injured at a construction site when he fell from a wooden bench which provided access to a job site trailer. The door to the trailer was approximately two to three feet off the ground, and the seat of the bench was midway between the door and the ground. The bench toppled over when the plaintiff stepped onto it while exiting the trailer, causing him to fall.

The appellant made a prima facie showing of entitlement to judgment as a matter of law with respect to the cause of action alleging a violation of Labor Law § 240 (1) by demonstrating that the bench from which the plaintiff fell was used as a passageway or stairway for the trailer and, as such, did not come within the purview of Labor Law § 240 (1) (*see Donohue v CJAM Assoc., LLC*, 22 AD3d 710, 711-712 [2005]; *Paul v Ryan Homes*, 5 AD3d 58, 60 [2004]; *Straight v McCarthy Bros. Co.*, 222 AD2d 775, 776 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of the appellant's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Rivera v Port Auth. of N.Y. & N.J.*, 69 AD3d 917 [2010]). Accordingly, under the circumstances, in light of the inapplicabil-

ity of Labor Law § 240 (1) to the facts of this case, summary judgment is awarded to the defendant Consolidated Edison Company of New York, Inc., dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it. Rivera, J.P., Florio, Miller and Eng, JJ., concur.