■ GILBERTO SALCEDO, Appellant, v SWISS RANCH ESTATES, LTD., Respondent, et al., Defendants. [913 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered September 2, 2009, which, upon a

jury verdict, and upon the granting of the motion of the defendant Swiss Ranch Estates, Ltd., in effect, pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1), upon the denial, in effect, of his motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on that cause of action, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendant Swiss Ranch Estates, Ltd., dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff, who was preparing to install insulation at a home being constructed on property owned by the defendant, Swiss Ranch Estates, Ltd. (hereinafter Swiss Ranch), fell and was injured when a set of stairs connecting the first floor of the home to the garage collapsed beneath him as he stepped onto it.

The plaintiff commenced the instant action alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). At trial, the Supreme Court granted Swiss Ranch's motion, in effect, pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1), and denied, in effect, the plaintiff's motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on that cause of action. The jury returned a verdict in favor of Swiss Ranch on the remaining cause of action, which alleged a violation of Labor Law § 241 (6). The plaintiff moved to set aside the verdict and the Supreme Court denied his motion. A judgment was entered in favor of Swiss Ranch and against the plaintiff, dismissing the complaint insofar as asserted against it. The plaintiff appeals.

The set of stairs in the instant matter "was not being utilized as a ladder, scaffold, hoist, or other safety device for the benefit of the injured plaintiff in his work" (*Donohue v CJAM Assoc., LLC*, 22 AD3d 710, 712 [2005]). Rather, the plaintiff was attempting to use it as a passageway at the work site and, thus, it was not within the purview of Labor Law § 240 (1) (*see Grabowski v Consolidated Edison Co. of N.Y., Inc.*, 72 AD3d 888 [2010]; *Donohue v CJAM Assoc., LLC*, 22 AD3d at 711, 712; *see also Paul v Ryan Homes*, 5 AD3d 58, 61 [2004]; *Straight v McCarthy Bros. Co.*, 222 AD2d 775, 776 [1995]; *cf. McGarry v CVP 1 LLC*, 55 AD3d 441 [2008]; *Beharry v Public Stor., Inc.*, 36 AD3d 574 [2007]; *Megna v Tishman Constr. Corp. of Manhat-*

*tan,* 306 AD2d 163 [2003]; *Wescott v Shear,* 161 AD2d 925 [1990]). Accordingly, under these particular facts, the Supreme Court properly granted Swiss Ranch's motion, in effect, pursuant to CPLR 4401, for judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1), and properly denied, in effect, the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on that cause of action.

The plaintiff's challenge to the Supreme Court's denial of his motion to set aside the verdict is without merit, as there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, the jury verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]).

The plaintiff's remaining contention is unpreserved for appellate review (*see Laboda v VJV Dev. Corp.,* 296 AD2d 441 [2002]; *Surjnarine v Brathwaite,* 290 AD2d 436 [2002]) and, in any event, without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.