■ John Gray, Respondent, v City of New York et al., Appellants. [928 NYS2d 759]—

The plaintiff, a union steward employed by a general contractor working at the Newtown Creek Water Pollution Control Plant, owned by the defendant City of New York, allegedly was injured when he stepped on a wooden ramp while alighting from his truck. According to the plaintiff, the ramp separated underneath his feet, causing him to fall to the ground. The plaintiff commenced this action against the City and the New York City Department of Environmental Protection, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6). After discovery, the defendants moved for summary judgment dismissing the complaint. Insofar as relevant to this appeal, the Supreme Court denied those branches of the motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241 (6) cause of action as was based upon an alleged violation of 12 NYCRR 23-1.22 (b) (2).

Labor Law § 200 codifies the common-law duty to maintain a safe work site (see Jock v Fien, 80 NY2d 965, 967 [1992]). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises, an owner moving for summary judgment dismissing Labor Law § 200 and common-law negligence causes of action has the initial

burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (*see Navarro v City of New York*, 75 AD3d 590, 591-592 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]). To provide constructive notice, the defect must be visible and apparent and exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law based upon evidence that they did not create the alleged dangerous condition and that they had no actual or constructive notice of the condition. The plaintiff's own deposition testimony, submitted in support of the motion, demonstrated that the defect was not visible and apparent. In opposition, the plaintiff failed to raise a triable issue of fact (*see Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *compare Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]; *Colon v Bet Torah, Inc.*, 66 AD3d 731 [2009]).

Even if the plaintiff's injury were considered to arise from the manner in which work was performed, the defendants met their prima facie burden by showing they lacked the authority to supervise and control the plaintiff's work (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). The plaintiff concedes that the defendants did not supervise or control his work. Consequently, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action.

"To prevail on a cause of action asserted under Labor Law § 241 (6), a plaintiff must establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" (*O'Hare v City of New York*, 280 AD2d 458, 458 [2001]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-504 [1993]). Although the regulation relied on by the plaintiff, 12 NYCRR 23-1.22 (b) (2), is sufficiently specific to support the cause of action, the defendants made a prima facie showing that this provision was not applicable to the facts of the case (*compare O'Hare v City of New York*, 280 AD2d 458 [2001]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 857 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judg-

ment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based upon an alleged violation of 12 NYCRR 23-1.22 (b) (2). Rivera, J.P., Covello, Florio and Lott, JJ., concur. **[Prior Case History: 28 Misc 3d 1093.]**