■ LINCOLN CREESE et al., Appellants-Respondents, v LONG ISLAND LIGHTING COMPANY, Defendant, KEYSPAN GENERATION, LLC, Defendant/Third-Party Plaintiff-Respondent-Appellant, MARKETSPAN GENERATION, LLC, et al., Respondents-Appellants, and FLAG ATLANTIC USA LIMITED, Defendant/Third-Party Defendant-Respondent-Appellant. FLAG TELECOM NETWORK USA LIMITED et al., Third-Party Defendants-Respondents-Appellants. [950 NYS2d 167]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 10, 2010, as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against the defendant/third-party plaintiff and the defendants Keyspan Energy Management, LLC, and Keyspan Energy Management, Inc., and (2) so much of an order of the same court dated August 23, 2010, as, in effect, denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against the defendant/third-party plaintiff and the defendants Keyspan Energy Management, LLC, and Keyspan Energy Management, Inc., and granted that branch of the motion of the defendant/third-party plaintiff, the defendants Marketspan Generation, LLC, Keyspan Corporation, Keyspan Energy Manage-

ment, LLC, Keyspan Energy Management, Inc., the defendant/ third-party defendant, and the third-party defendants which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against the defendant/third-party plaintiff and the defendants Keyspan Energy Management, LLC, and Keyspan Energy Management, Inc., and the defendant/third-party plaintiff, the defendants Marketspan Generation, LLC, Keyspan Corporation, Keyspan Energy Management, LLC, Keyspan Energy Management, Inc., the defendant/third-party defendant, and the third-party defendants cross-appeal, as limited by their brief, from so much of the order dated June 10, 2010, as granted that branch of the plaintiffs' motion which was, in effect, for leave to amend the bill of particulars and denied that branch of their motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the defendant/third-party plaintiff and the defendants Marketspan Generation, LLC, Keyspan Energy Management, LLC, and Keyspan Energy Management, Inc.

Ordered that the order dated June 10, 2010, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 23, 2010, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Lincoln Creese (hereinafter the injured plaintiff), who was employed as a carpenter by general contractor Roy Kay, Inc., at the time of the subject accident, allegedly was injured in the course of his employment as he exited a building, which was under construction, in order to retrieve work materials outside. The defendant/third-party plaintiff, Keyspan Generation, LLC (hereinafter Keyspan Generation), owned the land on which the building was being constructed, and the defendant Keyspan Energy Management, LLC (hereinafter, together with the defendant Keyspan Energy Management, Inc., the KEM defendants), was the project's construction manager. According to the injured plaintiff's affidavit, the doorway of the building through which he exited was three to four feet higher than the ground below, and a wooden plank had been placed between the doorway and the ground as a ramped means of ingress and egress. The injured plaintiff averred that he fell off the plank as he attempted to walk from the building to the ground. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries.

The Supreme Court properly granted that branch of the motion of Keyspan Generation, the KEM defendants, the defend-

ants Marketspan Generation, LLC, and Keyspan Corporation, the defendant/third-party defendant, and the third-party defendants (hereinafter collectively the Keyspan group) which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against Keyspan Generation and the KEM defendants, and properly, in effect, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against Keyspan Generation and the KEM defendants. The Keyspan group established, prima facie, that the plank from which the injured plaintiff allegedly fell was being used as a passageway for laborers to enter and exit the building under construction, and was not being used in the performance of the injured plaintiff's work, i.e., it was not being utilized as a ladder, scaffold, hoist, or other safety device for the benefit of the injured plaintiff in his work, and, thus, that the accident does not come within the purview of Labor Law § 240 (1) (*see Donohue v CJAM Assoc., LLC*, 22 AD3d 710 [2005]; *see also Salcedo v Swiss Ranch Estates, Ltd.*, 79 AD3d 843 [2010]; *Grabowski v Consolidated Edison Co. of N.Y., Inc.*, 72 AD3d 888 [2010]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against Keyspan Generation and the KEM defendants, and properly denied that branch of the Keyspan group's motion which was for summary judgment dismissing that cause of action insofar as asserted against Keyspan Generation, the KEM defendants, and the defendant Marketspan Generation, LLC (hereinafter Marketspan). "[T]o establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident" (*Seaman v Bellmore Fire Dist.*, 59 AD3d 515, 516 [2009]). Here, triable issues of fact remain as to whether the elevated plank on which the injured plaintiff was walking at the time of the accident was in a slippery condition and, if so, whether this condition was a proximate cause of the accident (*see* 12 NYCRR 23-1.7 [d]), whether the plank was of insufficient width or was insufficiently supported and braced, and, if so, whether such insufficiency was a proximate cause of the accident (*see* 12 NYCRR 23-1.22 [b]), and whether the injured plaintiff was provided a safe means of access to the work site and if any failure to do so was a proximate cause of the accident (*see* 12 NYCRR 23-1.7 [f]).

The Supreme Court properly denied that branch of the Keyspan group's motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 200 insofar as asserted against Keyspan Generation, the KEM defendants, and Marketspan. In response to the Keyspan group's showing of entitlement to judgment as a matter of law dismissing that cause of action with respect to the KEM defendants, the construction managers, the plaintiffs demonstrated the existence of triable issues of fact as to whether the KEM defendants had supervisory control and authority over the work site, and whether the KEM defendants had actual or constructive notice of the hazardous condition (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2012]; *Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 950-951 [2011]; *Ford v HRH Constr. Corp.*, 41 AD3d 639 [2007]). Moreover, with respect to the landowner Keyspan Generation (*see Ortega v Puccia*, 57 AD3d 54 [2008]), and Marketspan, Keyspan Generation's predecessor, the members of the Keyspan group failed to meet their initial burden on their motion, as the evidence upon which they relied was insufficient to demonstrate, prima facie, their entitlement to judgment as a matter of law with respect to Keyspan Generation or Marketspan. Therefore, we need not address the sufficiency of the plaintiffs' opposition papers with regard thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

With respect to the parties' contentions concerning that branch of the Keyspan group's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against Keyspan Generation, the KEM defendants, and Marketspan, these arguments are not properly before this Court, as that branch of that motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Leave to supplement or amend a bill of particulars is to be freely given in the absence of prejudice or surprise, unless the proposed amendment is sought on the eve of trial, or where the amendment is patently insufficient or devoid of merit (*see Alvarado v Beth Israel Med. Ctr.*, 78 AD3d 873, 874 [2010]; *Ito v 324 E. 9th St. Corp.*, 49 AD3d 816, 817 [2008]; *Delahaye v Saint Anns School*, 40 AD3d 679, 685 [2007]). Under the circumstances presented here, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiffs' motion which was, in effect, for leave to amend the

bill of particulars to allege a violation of 12 NYCRR 23-1.7 (f) with respect to the cause of action alleging violations of Labor Law § 241 (6).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.