In an action to recover damages for personal injuries, the defendants 29th Street Apts, LLC, and Intercity Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated May 31, 2012, as, in effect, denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).
Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants 29th Street Apts, LLC, and Intercity Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants 29th Street Apts, LLC, and Intercity Management Corp.
The plaintiff, who was assigned to work on the roof of an apartment building owned and managed by the defendants 29th Street Apts, LLC, and Intercity Management Corp. (hereinafter together the appellants), was injured when, instead of using the interior staircase of the building as he had done previously, he chose to use the fire escape as a “shortcut” to the ground from the roof. He alleged that when he was on the ladder that led from the first floor fire escape platform to the ground, the ladder moved, causing him to lose his balance and fall off. Neither the plaintiffs supervisor nor anyone associated with the appellants had instructed him to use the fire escape as a means of *699 passage between the ground and his assigned work station on the roof.
The plaintiff commenced this action to recover damages for personal injuries. The appellants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The Supreme Court denied both the appellants’ motion and the plaintiffs cross motion.
“Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence” (Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1046 [2012]; see Rodriguez v BCRE 230 Riverdale, LLC, 91 AD3d 933, 934 [2012]; Gray v City of New York, 87 AD3d 679 [2011]; Slikas v Cyclone Realty, LLC, 78 AD3d 144, 148-149 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 128 [2008]). In this case, the appellants made a prima facie showing that they neither created the allegedly dangerous condition nor had actual or constructive notice of its existence. As the plaintiff failed to raise a triable issue of fact in opposition to the appellants’ prima facie establishment of their entitlement to judgment as a matter of law on the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them, the Supreme Court should have granted that branch of the appellants’ motion which was for summary judgment dismissing these causes of action insofar as asserted against them.
Moreover, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. Under the particular facts of this case, it is apparent that the fire escape “was not being utilized as a ladder, scaffold, hoist or other safety device for the benefit of the injured plaintiff in his work” (Donohue v CJAM Assoc., LLC, 22 AD3d 710, 712 [2005]; see Salcedo v Swiss Ranch Estates, Ltd., 79 AD3d 843 [2010]). Rather, the plaintiff was attempting to use it as a passageway at the worksite and, therefore, “it was not within the purview of Labor Law § 240 (1)” (Salcedo v Swiss Ranch Estates, Ltd., 79 AD3d at 844; see Grabowski v Consolidated Edison Co. of N.Y., Inc., 72 AD3d 888, 889 [2010]; Donohue v CJAM Assoc., LLC, 22 AD3d 710 [2005]). In opposition, the *700 plaintiff failed to raise a triable issue of fact. Accordingly, the appellants were entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and for the same reason, the plaintiffs cross motion for summary judgment on the issue of liability on that cause of action was properly denied.
The appellants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them. In order to establish a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must plead and prove a violation of a specific provision of the Industrial Code (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Galarraga v City of New York, 54 AD3d 308, 309 [2008]). The appellants made a prima facie showing that none of the statutory violations cited by the plaintiff is applicable in the instant case. In opposition, the plaintiff failed to raise a triable issue of fact.
The complaint also alleged that the appellants were liable under the “doctrine of strict liability” on the ground that the fire escape and ladder were “inherently dangerous.” The appellants established their prima facie entitlement to judgment as a matter of law dismissing this cause of action by showing that the fire escape and ladder were not inherently dangerous. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Dillon, J.P, Chambers, Roman and Cohen, JJ., concur.