Calle v City of New York (2023 NY Slip Op 00297)

Calle v City of New York

2023 NY Slip Op 00297

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-12035
 (Index No. 710835/15)

[*1]Gilber Calle, respondent, 
v
City of New York, appellant, et al., defendants.

Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellant.
Silberstein Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos, Jeffrey Bloomfield, and Kenneth M. Tuccillo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered August 28, 2019. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is granted.
The plaintiff, a laborer at a construction site, alleged that while exiting an excavation, he stepped on a wooden cross brace which then collapsed, causing him to fall five to six feet to the bottom of the excavation. The plaintiff commenced this personal injury action against the defendants, the City of New York, the New York City Department of Design and Construction (hereinafter the DDC), and the Queens Borough Public Library, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved, inter alia, for summary judgment dismissing the complaint. In an order entered August 28, 2019, the Supreme Court, among other things, granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the DDC and the Queens Borough Public Library, and, in effect, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the City. The City appeals.
The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against the City. A defendant is not liable under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident (see Luna v 4300 Crescent, LLC, 174 AD3d 881, 883). Here, the evidence submitted by the defendants established that the plaintiff exited the excavation by stepping on a wooden cross brace which was not intended as a walkway, rather than using one of the ladders that were provided, and which he had been instructed to use, for that purpose. Thus, the defendants established that the plaintiff's conduct was the sole proximate cause of his injuries [*2](see Montgomery v Federal Express Corp., 4 NY3d 805, 806; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772; Baun v Project Orange Assoc., L.P., 26 AD3d 831, 833-834). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the City. Insofar as that cause of action is predicated upon violations of 12 NYCRR 23-1.22(b)(2) and (4), the defendants established that those regulations are inapplicable to the facts of this case, as the wooden cross brace from which the plaintiff fell, was not a runway or ramp constructed for the use of persons (see Gray v City of New York, 87 AD3d 679, 680). Insofar as that cause of action is predicated upon violations of 12 NYCRR 23-1.7(f) and 23-4.3, the defendants established, prima facie, that the City did not violate those regulations, in that ladders were provided at the excavation site (see generally Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872, 874). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the City. "Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Rendon v Callaghan, 206 AD3d 945, 946). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, a defendant moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (see Hamm v Review Assoc., LLC, 202 AD3d 934, 938; Azad v 270 5th Realty Corp., 46 AD3d 728, 730).
The defendants demonstrated, prima facie, that the plaintiff's alleged injuries did not result from a dangerous condition, but rather were caused by the plaintiff's own conduct in stepping on a wooden cross brace which was not intended for that purpose (see Gargan v Palatella Saros Bldrs. Group, Inc., 162 AD3d 988, 989; Stamatatos v Stamatatos, 95 AD3d 1297, 1297; Vanerstrom v Strasser, 240 AD2d 563, 563-564). In opposition, the plaintiff failed to raise a triable issue of fact.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court