Castro v Wythe Gardens, LLC (2023 NY Slip Op 03329)

Castro v Wythe Gardens, LLC

2023 NY Slip Op 03329

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-02101
 (Index No. 508034/13)

[*1]Jose R. Delarosa Castro, plaintiff-respondent,
v
Wythe Gardens, LLC, et al., defendants, Express Builders JB, Inc., defendant third-party plaintiff/second third-party plaintiff/third third- party plaintiff-appellant; Bayport Construction Corp., third-party defendant-respondent, et al., third-party defendant; Urban Precast, LLC, second third-party defendant-respondent; Urban Erectors, LLC, third third-party defendant-respondent.

Gallo Vitucci Klar, LLP, New York, NY (Christopher L. Parisi, Dylan R. Prior, and Nicholas Levante of counsel), for defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff-appellant.
Ginarte Gallardo Gonzalez Winograd, LLP, New York, NY (Timothy Norton of counsel), for plaintiff-respondent.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Richard C. Imbrogno and Thomas G. Vaughan of counsel), for third-party defendant-respondent.
Fullerton Beck, LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for second third-party defendant-respondent and third third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff, Express Builders JB, Inc., appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 13, 2020. The order, insofar as appealed from, (1) granted the plaintiff's motion for summary judgment on the issue of liability against the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff, (2) granted that branch of the motion of the third-party defendant Bayport Construction Corp. which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and (3) denied that branch of the motion of the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff which was for summary judgment on the second third-party cause of action for contractual indemnification and the third third-party cause of action for contractual indemnification.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation Labor Law § 240(1), and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of [*2]12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against the defendant third-party plaintiff/second third-party plaintiff/third third-party plaintiff, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the third-party defendant Bayport Construction Corp. which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant, payable by the third-party defendant Bayport Construction Corp., and one bill of costs to the second third-party defendant-respondent, Urban Precast, LLC, and the third third-party defendant-respondent, Urban Erectors, LLC, payable by the appellant.
The plaintiff, a construction worker employed by third-party defendant Bayport Construction Corp. (hereinafter Bayport Construction), allegedly was injured when he tripped after stepping into a gap between the top step of a staircase and the landing. The general contractor, Express Builders JB, Inc. (hereinafter Express Builders), had retained the second third-party defendant, Urban Precast, LLC (hereinafter Urban Precast), to supply and install the staircase. Urban Precast subcontracted the installation of the staircase to the third third-party defendant, Urban Erectors, LLC (hereinafter Urban Erectors).
The plaintiff commenced this action to recover damages for personal injuries against, among others, Express Builders, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). Express Builders commenced third-party actions for, inter alia, contractual indemnification against Bayport Construction, Urban Precast, and Urban Erectors. The plaintiff moved for summary judgment on the issue of liability against Express Builders. Bayport Construction moved, inter alia, for summary judgment dismissing the third-party cause of action for contractual indemnification. Express Builders moved, among other things, for summary judgment on the second third-party cause of action for contractual indemnification and the third third-party cause of action for contractual indemnification.
In an order dated January 13, 2020, the Supreme Court, among other things, granted the plaintiff's motion for summary judgment on the issue of liability against Express Builders and that branch of the motion of Bayport Construction which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and denied those branches of the motion of Express Builders which were for summary judgment on the second third-party cause of action for contractual indemnification and the third third-party cause of action for contractual indemnification. Express Builders appeals.
The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Express Builders. "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). However, Labor Law § 240(1) does "not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, [it is] limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1130, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). Here, the plaintiff's injuries did not fall within the ambit of Labor Law § 240(1) because they did not occur as the result of an elevation-related or gravity-related risk (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 950, 953; Lopez v Edge 11211, LLC, 150 AD3d 1214, 1215; Reyes v Magnetic Constr., Inc., 83 AD3d 512, 513; Barrett v Ellenville Natl. Bank, 255 AD2d 473, 474). Moreover, insofar as the plaintiff was using the stairwell as a passageway, it did not come within the purview of Labor Law § 240(1) (see Palacios v 29th St. Apts, LLC, 110 AD3d 698, 699; Salcedo v Swiss Ranch Estates, [*3]Ltd., 79 AD3d 843, 844; Donohue v CJAM Assoc., LLC, 22 AD3d 710, 712).
The Supreme Court also erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1)(i) insofar as asserted against Express Builders. "Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348). In order to establish liability under Labor Law § 241(6), a plaintiff must "establish the violation of an Industrial Code provision which sets forth specific safety standards," and which "is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809 [internal quotation marks omitted]). 12 NYCRR 23-1.7(b)(1)(i) provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing." "The provision pertaining to 'hazardous openings' (12 NYCRR 23-1.7[b][1]) does not apply to openings that are too small for a worker to completely fall through" (Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d 1222, 1223; see Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983). Here, 12 NYCRR 23-1.7(b)(1)(i) is not applicable because the gap in which the plaintiff tripped was too small for a worker to completely fall through.
However, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(e)(1), which relates to tripping hazards, insofar as asserted against Express Builders. Contrary to the contention of Express Builders, the plaintiff's testimony established that the gap at the top of the stairs caused him to fall.
The Supreme Court should have denied that branch of the motion of Bayport Construction which was for summary judgment dismissing the third-party cause of action for contractual indemnification. "[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752 [internal quotation marks omitted]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 983 [internal quotation marks omitted]). Here, the contract between Express Builders and Bayport Construction states that Bayport must indemnify Express against all liability "arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through" Bayport Construction. Because the plaintiff was injured in the course of performing work in furtherance of Bayport Construction's obligations under the contract, there exist triable issues of fact as to whether Bayport Construction was required under the contract to indemnify Express Builders (see Keller v Rippowam Cisqua Sch., 208 AD3d 654, 655).
The Supreme Court properly denied that branch of the motion of Express Builders which was for summary judgment on the second third-party cause of action for contractual indemnification and the third third-party cause of action for contractual indemnification. The contract between Express Builders and Urban Precast states that "to the fullest extent permitted by law" Urban Precast must indemnify Express Builders against all liability "arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through [Urban Precast] . . . , excluding only liability created by the sole and exclusive negligence of the Indemnified Parties." Although Urban Precast was responsible for installing the stairs and grouting the gap at the top of the stairs, the record is unclear as to which party was required to provide safety coverings for the gap until grouting was completed. Thus, a triable issue of fact exists as to whether liability was created by the negligence of Express Builders.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court