Estrella v BMG Monroe I, LLC

2026 NY Slip Op 01939

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Manuel Antonio Estrella, et al., appellants,

v

BMG Monroe I, LLC, et al., respondents, et al., defendants (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-07375, (Index No. 8125/21)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Russo & Gould, LLP, New York, NY (Alan S. Russo and TrishÉ L.A. Hynes of counsel), for appellants.

Milber Makris Plousadis & Seiden, LLP, Purchase, NY (Michele D. Newsome of counsel), for respondent BMG Monroe I, LLC.

Kahana & Feld LLP, New York, NY (Rachael Marvin and Jeffrey Miragliotta of counsel), for respondent Verticon II, LLC.

Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock of counsel), for respondent Upstate Framing, Inc.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated July 15, 2024. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and granted those branches of the separate motions of the defendants BMG Monroe I, LLC, Verticon II, LLC, and Upstate Framing, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.

In January 2019, the plaintiff Manuel Antonio Estrella (hereinafter the injured plaintiff) was performing framing work for his employer, Plaza Construction, at a project called Smith Farms, which was owned by the defendant BMG Monroe I, LLC (hereinafter BMG). The defendant Verticon II, LLC (hereinafter Verticon), was the general contractor for the project. The defendant Upstate Framing, Inc. (hereinafter Upstate Framing), had subcontracted to perform framing work on the project, and Upstate Framing, in turn, subcontracted the framing work to Plaza Construction.

On January 29, 2019, the injured plaintiff and his coworkers had been installing plywood floors in a house as part of the project. An eight- or nine-foot-deep trench surrounded parts of the foundation that had not yet been backfilled, and the injured plaintiff's coworkers had placed a metal plank, intended for the purpose of pouring concrete, across the trench as a makeshift ramp. It was snowing, and the injured plaintiff stepped on the metal plank to take a phone call to discuss whether the work should continue. The metal plank, which was not secured, shifted and fell into the trench, causing the injured plaintiff to fall and allegedly sustain injuries. It is undisputed that there was a means of accessing the house through the garage, which had already been backfilled and did [*2]not require traversing over a trench.

The injured plaintiff, and his wife suing derivatively, commenced this action against BMG, Verticon, and Upstate Framing (hereinafter collectively the defendants), among others, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Following the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 15, 2024, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion and granted those branches of the defendants' separate motions. The plaintiffs appeal.

The Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them and properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action. "Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Caracciolo v SHS Ralph, LLC, 226 AD3d 861, 863, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124). "Under Labor Law § 240(1), '[a]ll contractors and owners . . . shall furnish or erect, or cause to be furnished or erected, . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]'" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 979, quoting Labor Law § 240[1]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). Here, the record demonstrates that the injured plaintiff was attempting to use the metal plank as a passageway at the worksite (see Castro v Wythe Gardens, LLC, 217 AD3d 822, 825; Palacios v 29th St. Apts, LLC, 110 AD3d 698, 699; Salcedo v Swiss Ranch Estates, Ltd., 79 AD3d 843, 844). Accordingly, "it did not come within the purview of Labor Law § 240(1)" (Castro v Wythe Gardens, LLC, 217 AD3d at 825).

The Supreme Court also properly granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them and properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action. Insofar as that cause of action was premised upon a violation of 12 NYCRR 23-1.22(b), the defendants established that the regulation is inapplicable to the facts of this case, as the metal plank from which the injured plaintiff fell was not a runway or ramp constructed for the use of persons (see Calle v City of New York, 212 AD3d 763, 764; Gray v City of New York, 87 AD3d 679, 680). Insofar as that cause of action was premised upon a violation of 12 NYCRR 23-1.7(b), Upstate Framing established that the regulation is inapplicable to the facts of this case, as the trench, which was located outside of the area where the injured plaintiff was working, was not a hazardous opening as contemplated by the regulation (see Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 801; Forschner v Jucca Co., 63 AD3d 996, 999; Alvia v Teman Elec. Contr., 287 AD2d 421, 423). Although BMG and Verticon failed to raise the argument that the trench was not a hazardous opening in their moving papers, "a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment" (Grimaldi v Pagan, 135 AD2d 496, 496; see CPLR 3212[b]). Because the plaintiffs did not cross-move to amend their bill of particulars to allege a violation of 12 NYCRR 23-1.7(d), but instead requested that relief in opposition to the defendants' motions, the Supreme Court providently exercised its discretion in not entertaining that request on the merits (see CPLR 2215; Fried v Jacob Holding, Inc., 110 AD3d 56, 64-65). In any event, the injured plaintiff unambiguously testified at his deposition that it had only started snowing 30 minutes prior to the accident and that he did not slip on the snow, but rather that the metal plank fell because it was unsecured and he lost concentration (cf. Booth v Seven World Trade Co., L.P., 82 AD3d 499, 501).

Contrary to the plaintiffs' contention, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them. "Labor Law § 200 is a codification of the common-law duty of owners, [*3]contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Montes-Vidal v New York State Thruway Auth., 238 AD3d 1131, 1133-1134). "Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, a defendant moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence" (Calle v City of New York, 212 AD3d at 765).

Here, the defendants demonstrated, prima facie, that the injured plaintiff's alleged injuries did not result from a dangerous condition, but rather were caused by the injured plaintiff's own conduct in stepping on a metal plank, which was not intended for that purpose (see id.; Singh v 180 Varick, LLC, 203 AD3d 1194, 1196). In opposition, the plaintiffs failed to raise a triable issue of fact.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court