■ MICHAEL MEGNA, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN et al., Appellants, et al., Defendants. (And a Third-Party Action.) [762 NYS2d 63] —Order,

Supreme Court, New York County (Leland DeGrasse, J.), entered July 5, 2002, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, an elevator helper at a construction site, was injured when a temporary two-step wooden staircase leading to a temporary wooden landing collapsed under his weight and he fell to the ground. As the temporary stairway was being used to facilitate plaintiff's access to a different elevation level, and therefore indisputably an elevation device within the meaning of Labor Law § 240 (1) (*see Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31, 35 [2001]; *Wescott v Shear*, 161 AD2d 925 [1990], *appeal dismissed* 76 NY2d 846 [1990]), the shortness of the distance of plaintiff's fall—at least two feet according to plaintiff, no more than 16 inches according to defendants—is irrelevant (*see Siago v Garbade Constr. Co.*, 262 AD2d 945 [1999]; *Binetti v MK W. St. Co.*, 239 AD2d 214, 214-215 [1997]; *Norton v Bell & Sons*, 237 AD2d 928, 929 [1997]; *see also Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Furthermore, plaintiff's proof that he fell when the staircase collapsed established a prima facie case of liability under Labor Law § 240 (1) (*see Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301 [2000]), and, there being no evidence that plaintiff's conduct was the sole proximate cause of the accident, the manner in which he fell or how he landed is also irrelevant (*see Laquidara v HRH Constr. Corp.*, 283 AD2d 169 [2001]; *Angeles v Goldhirsch*, 268 AD2d 217 [2000]). Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.