█ PATRICK MCGARRY, SR., et al., Respondents-Appellants, v CVP 1 LLC et al., Appellants-Respondents. [866 NYS2d 76]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about April 16, 2008, which granted plaintiffs' motion for summary judgment on their Labor Law § 240 (1) claim with respect to defendants CVP and Avalon Bay but denied their motion with respect to Labor Law § 241 (6), and granted defendants' cross motion for summary judgment dismissing the section 241 (6) and Labor Law § 200 claims but denied dismissal of the section 240 (1) claim, unanimously modified, on the law, summary judgment on the section 241 (6) claim denied to defendants CVP and Avalon Bay and granted to plaintiffs as against those two defendants, and otherwise affirmed, without costs.

Plaintiff Patrick McGarry, Sr. was injured when the first block on an unsecured cinder block staircase, leading from a platform supporting a material hoist to the concrete slab floor of the work site three feet below, skidded from under his foot.

The court correctly granted summary judgment on plaintiff's section 240 (1) claim. The makeshift staircase was being used as access to different levels of the work site, including the floor where the injured plaintiff's safety equipment was stored in a Bovis shanty, and served as the "functional equivalent of a ladder" (*Wescott v Shear*, 161 AD2d 925, 925 [1990], *appeal dismissed* 76 NY2d 846 [1990]). Because this plaintiff was in the process of retrieving the safety equipment needed to start his work day, the section is applicable (*Santamaria v 1125 Park Ave. Corp.*, 249 AD2d 16 [1998]). The fact that he fell only a short distance does not remove the protection afforded by section 240 (1). A fall down a temporary staircase is the type of elevation-related risk the statute was intended to cover, regardless of the distance the worker falls (*Megna v Tishman Constr. Corp. of Manhattan*, 306 AD2d 163, 164 [2003]; *Siago v Garbade Constr. Co.*, 262 AD2d 945 [1999]).

The court erred, however, in summarily dismissing the section 241 (6) claim because defendants CVP (the property owner) and Avalon Bay (the general contractor) failed to establish that Industrial Code (12 NYCRR) § 23-1.7 (f), governing vertical passageways, was inapplicable to the facts of this case (*Gonzalez v*

*Pon Lin Realty Corp.*, 34 AD3d 638, 639 [2006]; *see also Seepersaud v City of New York*, 38 AD3d 753, 755 [2007]). Inasmuch as plaintiffs have plainly demonstrated the unsafe nature of the staircase as the means of access to different working levels, summary judgment is properly granted in their favor (*see Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320, 321 [2008]).

The court correctly granted summary dismissal of the section 200 claim. Where an alleged defect or dangerous condition arises from the contractor's methods, liability for section 200 or common-law negligence requires a showing that the owner or construction manager exercised supervisory control over the work (*Lombardi v Stout*, 80 NY2d 290 [1992]; *Conforti v Bovis Lend Lease LMB, Inc.*, 37 AD3d 235 [2007]). The construction of a temporary staircase of cinder blocks is plainly part of one of the contractor's methods. It is uncontroverted by both plaintiffs and defendants that nonparty employer Bovis controlled the injured plaintiff's work and supervised the construction at the site (*see Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ. [*See* 2008 NY Slip Op 31104(U).]