■ ERNST ARRASTI, Respondent, v HRH CONSTRUCTION LLC et al., Appellants, et al., Defendant. [876 NYS2d 373]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 28, 2008, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his claim against defendants-appellants for violation of Labor Law § 240 (1), and denied said defendants' cross

motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion granted only to the extent of dismissing the claims based on Labor Law § 200 and common-law negligence, and those based on violations of the Industrial Code other than having to do with a properly constructed ramp, and otherwise affirmed, without costs.

The ramp from which plaintiff fell while wheeling a loaded A-frame cart full of construction materials was the sole means of access to the concrete floor, which was approximately 18 inches below the hoist platform, and was thus a device to protect against an elevation-related risk within the meaning of Labor Law § 240 (1) (*see e.g. McGarry v CVP 1 LLC*, 55 AD3d 441 [2008]). There was unrebutted evidence that defendants' failure to equip this ramp with handrails, curbs, cleats or other safety devices was the proximate cause of plaintiff's injuries (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]).

The evidence fails to raise a triable issue of fact that defendants supervised or controlled plaintiff's work at the construction site (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]), caused or created the dangerous condition, or had actual or constructive notice of the unsafe condition of which plaintiff complains (*cf. Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]). Nor did the condition of the ramp render plaintiff's work site an "unreasonably dangerous work environment" (*O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]). Accordingly, the claims based on common-law negligence and violation of Labor Law § 200 should have been dismissed.

Plaintiff's expert did point out, however, in opposition to the cross motion for summary judgment, that Industrial Code (12 NYCRR) § 23-1.22 (b) (3) sets forth specific, positive standards with regard to the construction of runways and ramps, rather than just a general duty of care (*see O'Hare v City of New York*, 280 AD2d 458 [2001]). Plaintiff raised a triable issue of fact that defendants had violated this regulation by supplying him with a ramp constructed of planking that was not "laid close, butt jointed [or] securely nailed," and which did not have the requisite "timber curbs at least two inches by eight inches full size, set on edge and placed parallel to, and secured to, the sides of" the ramp. (§ 23-1.22 [b] [3].)

Other sections of the Industrial Code, referred to in plaintiff's brief, have no basis in the record, and accordingly are dismissed as predicates for the cause of action under Labor Law § 241 (6). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ. [*See* 2008 NY Slip Op 32933(U).]