OMRIE MORRIS et al., Respondents, v CITY OF NEW YORK, Appellant. [929 NYS2d 585]—

Plaintiff Omrie Morris was injured when a temporary wooden step on which he was standing shifted as he and another employee were moving an air tank up a concrete stairway from the basement of the work site to the first floor. There is an issue of fact as to whether the temporary step had been placed at the bottom of the concrete stairway to aid employees in ascending the stairway to different levels of the site, and thus constituted a device to protect employees against elevation-related risks within the meaning of Labor Law § 240 (1) (*see Megna v Tishman Constr. Corp. of Manhattan*, 306 AD2d 163 [2003]; *see also McGarry v CVP 1 LLC*, 55 AD3d 441 [2008]).

In view of the evidence that the temporary step was unstable and that snow and debris accumulated in the working areas and in the hallways and other passageways that plaintiff and the other employee had to traverse to reach the air tanks, defendant failed to demonstrate that Industrial Code (12 NYCRR) § 23-1.7 (d), (e) (1) and (2) and (f), which address slipping, tripping and other hazards, and vertical passages, and § 23-2.7 (b), which addresses temporary stairway construction, are inapplicable to the facts of this case and thus do not support the Labor Law § 241 (6) cause of action.

The record demonstrates only that defendant had general supervisory authority at the work site, which is insufficient to trigger liability under Labor Law § 200 and common-law negligence principles (*Burgalassi v Mandell Mech. Corp.*, 38 AD3d 363 [2007]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.