Sawczyszyn v New York Univ. (2018 NY Slip Op 01120)





Sawczyszyn v New York Univ.


2018 NY Slip Op 01120


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5702 158910/14

[*1]Krzysztof Sawczyszyn, Plaintiff-Respondent, Beata Sawczyszyn, Plaintiff,
v
New York University, et al., Defendants-Appellants.


Cozen O'Connor, New York (Eric J. Berger of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (Norman E. Frowley of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 12, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.22(b)(3), denied defendants' motion for summary judgment dismissing those claims, and granted plaintiff's cross motion for leave to amend his bill of particulars to allege a violation of Industrial Code § 23-1.7(f) in support of the Labor Law § 241(6) claim, unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, grant defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, and deny plaintiff's cross motion for leave to amend his bills of particulars, and otherwise affirmed, without costs. The court should have dismissed the Labor Law § 240(1) claim. Plaintiff was allegedly injured in the course of rolling a four-wheeled cart filled with about 100 to 200 pounds of materials over an unsecured, makeshift plywood ramp which bridged an approximately five- or six-inch gap between a truck bed to a loading dock, when the ramp slipped out of place and landed on the truck bed, and the cart descended, pulling on plaintiff's arms and causing injuries. Plaintiff admitted that the vertical distance from the surface of the truck bed to the surface of the dock was about 8 to 12 inches, which under the circumstances, does not constitute a physically significant elevation differential covered by Labor Law § 240(1) (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514-515 [1991] ["While the extent of the elevation differential may not necessarily determine the existence of an elevation-related risk, it is difficult to imagine how plaintiff's proximity to the 12—inch trough could have entailed an elevation-related risk which called for any of the protective devices of the types listed in section 240(1)"]; compare Torkel v NYU Hosps. Ctr., 63 AD3d 587, 590 [1st Dept 2009], with Arrasti v HRH Constr. LLC, 60 AD3d 582 [1st Dept 2009]). Plaintiff's injury was not proximately caused by a failure to protect him from any elevation-related risks posed by the distance of almost four feet from the floor to the surface of the dock, since plaintiff remained on the dock while the cart became wedged in the gap between the truck bed and the dock, and there is no evidence that the gap was large enough to pose a significant risk of any hazardous descent to the floor.
The court improperly exercised its discretion in granting leave to amend the bills of particulars to allege a violation of Industrial Code § 23-1.7(f) in support of the Labor Law § 241(6) claim. In this case, the ramp from the truck bed to the dock, covering a vertical distance of about one foot or less, "did not provide access to an above- or below-ground working area within the meaning of the regulation" (Torkel, 63 AD3d at 590; see Francescon v Gucci Am., Inc., 105 AD3d 503 [1st Dept 2013]).
However, the court properly granted plaintiff's motion for partial summary judgment on [*2]the Labor Law § 241(6) claim insofar as based on an alleged violation of Industrial Code § 23-1.22(b)(3). Defendants' assertion that the four-wheeled plastic cart containing construction materials, which plaintiff was pulling over the ramp at the time of the accident, was not intended to be used by any types of equipment enumerated in the regulation, including a "hand cart[]" (Industrial Code § 23-1.22[b][3]), is conclusory (cf. Torkel, 63 AD3d at 590-591). Defendants' arguments that the work did not require a ramp, and that this regulation is inapplicable to a temporary ramp, are also without merit (see e.g. Arrasti, supra). Moreover, plaintiff's work of preparing materials to be brought to upper floors of the building to be used in an asbestos abatement project was within the scope of Labor Law § 241(6) (see Industrial Code § 23-1.4[b][13]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK