**Deas v Turner Constr. Co.**

2024 NY Slip Op 31132(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 151490/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. DAVID B. COHEN | PART 58 |
| | *Justice* | |

-------------------------------------------------------------------------------X

AKHEIM DEAS,

                  Plaintiff,

          - v -

TURNER CONSTRUCTION COMPANY, NEW YORK
UNIVERSITY

                 Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151490/2020 |
| MOTION DATE | 10/25/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70

were read on this motion to/for                 JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 69, 71, 72, 73

were read on this motion to/for                 JUDGMENT - SUMMARY        .

In this Labor Law personal injury action, defendants move pursuant to CPLR 3212 for an order granting them summary judgment on plaintiff's Labor Law §§§ 240(1), 241(6), and 200 and common-law negligence claims and dismissing the complaint (mot. seq. 002).

By notice of motion, plaintiff moves pursuant to CPLR 3212 for an order granting him summary judgment on his Labor Law § 240(1) claim against defendants (mot. seq. 003).

## I.     BACKGROUND

The following pertinent facts are undisputed:

On August 7, 2019, plaintiff was working as a plumber for a subcontrator at a construction site in Manhattan, consisting of construction of a new building. The building's subcellar was going to be used as a sports area, including a pool. At the time of the accident, there was a raised platform in the subcellar, approximately five feet high, under which the

**151490/2020  DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

**Page 1 of 7**

plumbers were fixing pipes, called a Cupolex concrete forming system. Eventually, concrete would be poured on top of it to create a concrete structure in the subcellar. Defendant New York University (NYU) owned the premises at issue, while defendant Turner Construction Company was the general contractor.

Before the accident, plaintiff had installed pipes under the platform, and he then stood on top of the platform, which consisted of hard plastic, to check the pipes to make sure they were installed correctly. Workers routinely walked on the platform, which was surrounded by concrete level with it. Plaintiff had been told the platform was safe to walk on, and he had walked on it many times without incident. On the date of the accident, as plaintiff walked on the platform, a portion of it collapsed under him, causing him to fall to the ground.

## II.     DEFENDANTS' MOTION

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

**151490/2020   DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

**Page 2 of 7**

### A.    Labor Law § 200 and common law negligence claims

Defendants argue that plaintiff's Labor Law § 200 and common law negligence claims must be dismissed against them as it is undisputed that they did not control or supervise the means and methods of plaintiff's work. They deny that the Cupolex system was inherently dangerous or that anyone had complained about it to them before plaintiff's accident. Moreover, they assert, the system was integral to the work being performed as it would be used to create a concrete base in the subcellar (NYSCE 65).

Plaintiff contends that his accident arose from a dangerous condition on the property, specifically, "permitting Plaintiff and other workers to work on the Cupolex system while being aware that the system was not designed to support the weight of a worker" (NYSCEF 66).

"Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993] [internal quotation marks and citations omitted]). Claims under the statute and the common-law arise in two ways, "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed. Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it. Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012] [internal quotation marks and citations omitted]).

**151490/2020   DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

**Page 3 of 7**

3 of 7

As characterized by plaintiff here, the dangerous condition was not the Cupolex system in and of itself, but that defendants permitted workers to walk and work on top of the system despite the possibility of it collapsing, which implicates the way that the work was being performed and thereby the means and methods of the work; it does not implicate a defective or dangerous condition at the site, unrelated to the work at issue (*see Buckley v Columbia Grammar and Prep.*, 44 AD3d 263, 273 [1st Dept 2007] ["where an alleged defect or dangerous condition arises from a subcontractor's methods over which the defendant exercises no supervisory control, liability will not attach under either the common law or section 200"], *lv denied* 10 NY3d 710 [2008]; *see also Villanueva v 114 5th Ave. Assocs. LLC*, 162 AD3d 404 [1st Dept 2018] [where defect is not inherent but is created by work being performed, claim involves means and methods and not dangerous condition existing on premises; there was no defect inherent in elevator and plaintiff argued that interior of elevator was insufficient to carry heavy beams, which went to means and methods of work being performed]).

As plaintiff does not dispute that defendants did not supervise or control the means and methods of his work, his Labor Law § 200 and common-law negligence claims are dismissed (*see Lindemann v VNO 100 W. 33rd St. LLC*, 223 AD3d 434 [1st Dept 2024] [as raised flooring and protruding metal pedestal were not defects inherent in property but were created by subcontractor's ongoing work and how it was performed, defendants not liable as they did not supervise and control work]).

### B.  Labor Law § 240(1) claim

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566

**151490/2020   DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

Page 4 of 7

4 of 7

[2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Defendants contend that plaintiff's accident is not covered by Labor Law § 240(1) as he only fell approximately 3.5 feet to the ground, which is an insufficient height elevation differential. Alternatively, they argue that the accident was caused solely by plaintiff's decision to walk on the system (NYSCEF 65).

Plaintiff claims that Labor Law § 240(1) was violated as he fell from an elevated platform, which collapsed, and that he was not provided with safety equipment to prevent the fall. He denies that there is a minimum height differential applied by the courts in assessing an elevation-risk related violation, or that he was the sole proximate cause of the accident, even if he had been forbidden from walking on top of the system, which he also denies (NYSCEF 66).

Contrary to defendants' contention, there is no de minimis elevation-related risk, and plaintiff's fall of approximately 3.5 feet from the top of the system to the ground, resulting from the system's partial collapse and defendants' failure to provide plaintiff with any safety equipment to protect him against the risk of falling, constitutes a violation of Labor Law § 240(1) (*see Hoyos v NY-1095 Ave. of the Am., LLC*, 156 AD3d 491 [1st Dept 2017] [plaintiff's fall from dock that was elevated three to four feet off ground could not be described as "fall from a de minimis height"]; *Megna v Tishman Constr. Corp. of Manhattan*, 306 AD2d 163 [1st Dept 2003] [as plaintiff fell from temporary staircase when it collapsed under his weight and he fell to ground, short distance of fall, between 16 inches and two feet, was irrelevant]; *Siago v Garbade*

**151490/2020  DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

Page 5 of 7

5 of 7

*Constr. Co.*, 262 AD2d 945 [4th Dept 1999] [statute violated as defective plank caused plaintiff to lose balance and fall approximately 18 inches to top of scaffold; determination as to whether violation occurs does not depend on distance worker falls]).

Defendants also do not demonstrate that plaintiff was the sole proximate cause of his accident, as there is no evidence that he or others were forbidden from walking on top of the system, and plaintiff submits evidence that he, as well as other workers, were directed to do so and did so frequently and openly (*see e.g., Martinez v Kingston 541, LLC*, 210 AD3d 556 [1st Dept 2022] [as plaintiff was following supervisor's direction to walk on joints, he could not be sole proximate cause of his injuries]).

Defendants thus fail to show that they are entitled to dismissal of plaintiff's Labor Law § 240(1) claim.

C. Labor Law § 241(6) claim

Plaintiff does not oppose dismissal of this claim (NYSCEF 66, fn. 1), and it is dismissed.

III. PLAINTIFF'S MOTION

For the reasons set forth above, plaintiff has demonstrated his entitlement to partial summary judgment on his Labor Law § 240(1) claim (*see Megna*, 306 AD2d at 164 [proof that plaintiff fell when staircase collapsed established prima facie violation of Labor Law § 240(1)]).

Accordingly, it is hereby

ORDEERED, that defendants' motion for summary judgment (mot. seq. 002) is granted to the extent of dismissing plaintiff's Labor Law §§ 241(6) and 200 and common-law negligence claims, and denied as to plaintiff's Labor Law § 240(1) claim, and those dismissed claims are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

**151490/2020   DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

**Page 6 of 7**

6 of 7

ORDERED, that plaintiff's motion for partial summary judgment on liability on his

Labor Law § 240(1) claim against defendants (mot. seq. 003) is granted; and it is further

ORDERED, that the parties appear for a settlement/trial scheduling conference on August

7, 2024 at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

20240405084106DC0HEN90E088DDF0D14B7086D7ED10A09K7742

_____
**4/5/2024**
**DATE**

_____
**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151490/2020   DEAS, AKHEIM vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  002 003**

**Page 7 of 7**

7 of 7