Solarte v Brearley Sch. (2025 NY Slip Op 02995)

Solarte v Brearley Sch.

2025 NY Slip Op 02995

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 155911/19 595551/20|Appeal No. 4378|Case No. 2024-01698|

[*1]Adrian Oscar Oseguera Solarte, Plaintiff-Respondent,
v
The Brearley School et al., Defendants-Respondents-Appellants, LJC Dismantling Corp. et al., Defendants.
The Brearley School et al., Third-Party Plaintiff-Respondents-Appellants,
v
PAL Environmental Services, Inc., Third-Party Defendant-Appellant-Respondent.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant-respondent.
Castellitto Benvenuto & Kim LLP, Tarrytown (Gerard Benvenuto of counsel), for respondents-appellants.
The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 1, 2023, which, to the extent appealed from as limited by the briefs, denied third-party defendant PAL Environmental Services, Inc.'s motion for summary judgment dismissing the third-party contractual indemnification claim asserted by defendants The Brearley School and E.W. Howell Co., LLC (together, defendants), and denied defendants' motion for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200, 240(1), and 241(6) claims and for summary judgment against PAL on their contractual indemnification claim, unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims and on their contractual indemnification claim against PAL, and otherwise affirmed, without costs.
Defendants, owner and construction manager, are entitled to summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiff was injured descending a staircase when a step broke underneath him and caused him to fall. He contends that defendants had constructive notice of the existing defect or dangerous condition (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). However, the testimony in the record, including plaintiff's statements that he observed nothing wrong with the stairs when he ascended and descended several times on the day of his accident, demonstrates that there was no visible or apparent damage to the step that broke as he stepped on it (see Manson-Frempong v Forbes, 223 AD3d 473, 474 [1st Dept 2024]; Lopez v Dagan, 98 AD3d 436, 438-439 [1st Dept 2012], lv denied 21 NY3d 855 [2013]). Thus, any defect with the step was latent so that defendants could not have discovered it upon a reasonable inspection (see Rodriguez v Miller Plumbing & Heating, Inc., 223 AD3d 635, 637 [1st Dept 2024]).
Even assuming the defect was not latent, the evidence demonstrates that only PAL, plaintiff's employer, had access to the area for almost two months before the incident. PAL was performing asbestos abatement work, and its workers were required to enter through a decontamination facility and to don specialized protective equipment. Thus, due to health and safety reasons, defendants had no ability to perform regular inspections. As only PAL had access, and because "section 200 does not impose vicarious liability on owners and general contractors," plaintiff cannot establish liability (Cappabianca, 99 AD3d at 145).
Supreme Court properly denied summary judgment to defendants on the Labor Law § 240(1) claim. Defendants failed to demonstrate that the injuries plaintiff suffered while descending the staircase, carrying a ladder and crowbar from one work area to another, were not foreseeable (see Espinosa v Azure Holdings II, LP, 58 AD3d 287, 291 [1st Dept 2008]; Jones v 414 Equities LLC, [*2]57 AD3d 65, 80 [1st Dept 2008]). The fact that the stairwell was a permanent appurtenance does not foreclose plaintiff's claim. Since the stairwell was the only "means of access to his work area, it constituted a safety device within the meaning of the statute" (Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655 [1st Dept 2018]). Defendants' contentions notwithstanding, plaintiff and his coworker were performing asbestos abatement in a sealed-off area, which precluded the use of the fire escape as an alternative (see Ramirez v Shoats, 78 AD3d 515, 517 [1st Dept 2010]).
Supreme Court also properly denied summary judgment to defendants on the Labor Law § 241(6) claim, to the extent based on Industrial Code (12 NYCRR) § 23-1.7(f). Defendants fail to show that this provision, which "imposes a duty upon a defendant to provide a safe staircase, free of defects," does not apply (Vasquez v Urbahn Assoc. Inc., 79 AD3d 493, 493 [1st Dept 2010]). Instead, the evidence shows that the step was defective since it broke under plaintiff's foot (see Morris v City of New York, 87 AD3d 918, 919 [1st Dept 2011]; McGarry v CVP 1 LLC, 55 AD3d 441, 441-442 [1st Dept 2008]). We note, however, that as to any required "continuing inspections" during "hand demolition" (12 NYCRR 23-3.3[c]), plaintiff's testimony shows that inspections of the stairway would not have prevented the accident (see e.g. Pavlou v City of New York, 8 NY3d 961, 962-963 [2008]; Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 [1st Dept 2021]).
Defendants are entitled to summary judgment on their contractual indemnification claim. The relevant provision in the subcontract "evinces an 'unmistakable intent' to indemnify" (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 417 [2006]). Moreover, there can be no dispute that plaintiff's injuries arose out of the contract work (see Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 464 [1st Dept 2014]). Plaintiff, who was carrying tools between work areas down the stairs, suffered an injury "caused by, resulting from, arising out of, or in any way occurring directly or indirectly or in any manner connected with" PAL's work, as contemplated by the subcontract. PAL's arguments to the contrary are unavailing. Thus, defendants are unconditionally entitled to indemnification, as their liability is purely vicarious (see id.; Travalja v 135 West 52nd Street Owner LLC, 232 AD3d 503, 505 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025