| |
|---|
| **Torres v 120 Broadway, LLC** |
| 2025 NY Slip Op 31906(U) |
| May 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159374/2018 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. LYLE E. FRANK__ | PART 11M |
| *Justice* | |

-------------------------------------------------------------------------------X

RAFAEL TORRES, MARTA CECILIA BENITEZ JARAMILLO,

Plaintiff,

- v -

120 BROADWAY, LLC,JRM CONSTRUCTION MANAGEMENT LLC,120 BROADWAY HOLDINGS, LLC,RITE-WAY INTERNAL REMOVAL, INC.,

Defendant.

-------------------------------------------------------------------------------X

JRM CONSTRUCTION MANAGEMENT LLC

Plaintiff,

-against-

RITE-WAY INTERNAL REMOVAL INC.

Defendant.

-------------------------------------------------------------------------------X

120 BROADWAY, LLC, 120 BROADWAY HOLDINGS, LLC

Plaintiff,

-against-

ETS CONTRACTING INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159374/2018 |
| MOTION DATE | 10/01/2024, 09/23/2024, 09/23/2024, 09/23/2024, 01/07/2025 |
| MOTION SEQ. NO. | 008 009 010 011 012 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595244/2020

Second Third-Party
Index No. 595380/2024

The following e-filed documents, listed by NYSCEF document number (Motion 008) 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 284, 296, 304, 311, 346, 350, 356, 361, 362, 363, 376, 377, 378, 379, 380, 385, 395, 396, 407, 408, 409, 425, 431, 434, 449

were read on this motion to/for                          DISMISS                          .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 228, 229, 230, 231, 232, 233, 234, 235, 236, 286, 291, 297, 305, 312, 343, 351, 357, 386, 387, 388, 399, 400, 401, 402, 403, 426, 432, 436, 446, 447, 450

**159374/2018 Motion No. 008 009 010 011 012**          **Page 1 of 15**

[* 1]

were read on this motion to/for             <u>SUMMARY JUDGMENT(AFTER JOINDER</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 237, 238, 239, 240, 241, 242, 243, 244, 245, 287, 292, 298, 306, 313, 344, 352, 358, 393, 394, 435, 448

were read on this motion to/for             <u>SUMMARY JUDGMENT(AFTER JOINDER</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 246, 247, 248, 249, 250, 251, 252, 285, 290, 299, 300, 307, 314, 345, 353, 359, 381, 382, 383, 384, 404, 405, 406, 427, 428, 429, 430, 433, 441, 442, 455, 461

were read on this motion to/for             <u>JUDGMENT - SUMMARY</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 347, 360, 372, 373, 374, 375, 397, 398, 416, 417, 418, 423, 424, 438, 440, 445, 453, 456, 457

were read on this motion to/for             <u>JUDGMENT - SUMMARY</u> .

This action arises out of injuries sustained by plaintiffs because of alleged violations of the labor law. All defendants and plaintiff Percuin have moved for summary judgment, all motions and cross motion have been consolidated for disposition herein and will be discussed in turn.

### *Motion Sequence 008*

Defendants 120 Broadway LLC, 120 Broadway Holdings, LLC, 120 Broadway Condominium, 120 Broadway Properties LLC and Silverstein Properties, Inc., (collectively "120 Broadway"), move for summary judgment seeking dismissal of each of the plaintiffs' complaints in their entirety, alternatively granting summary judgment on their contractual indemnification claims against JRM Construction Management, LLC ("JRM"), and Rite-Way Internal Removal, Inc. ("Rite-Way"), dismissing all cross-claims as well as granting leave to renew its motion for summary judgment at a later date upon the completion of discovery in the second third-party action, motion sequence 008.

Plaintiffs in all three actions, oppose the instant motion and defendants, JRM, partially opposes and cross moves to dismiss all crossclaims asserted by 120 Broadway. Defendant/Third-

**159374/2018 Motion No. 008 009 010 011 012**                                     **Page 2 of 15**

[* 2]

party Defendant, Rite-Way opposes the portion of the motion that seeks contractual indemnification.

## Background

120 Broadway, owner of the premises, hired JRM as the construction manager. JRM retained Rite-Way to perform pre-abatement demolition at the construction site[1].

Plaintiffs were employed by ETS Contracting Inc. ("ETS") working at a project located at 120 Broadway, New York, New York. On July 17, 2018, two weeks prior to the date of the accident, demolition work had been completed at the subject premises by Rite-Way.

Plaintiffs were part of an asbestos abatement team and began work at the location on July 18, 2018. The day of the accident, July 31, 2018, plaintiffs were on the 40th floor, in the process of disassembling their decontamination tent and plastic foils that were connected to surrounding walls and ceiling when the ceiling collapsed onto them. It is undisputed that the ceiling was a permanent structure.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion

---

[1] Although disputed by JRM, in support of its position that Rite-Way was retained by JRM and not 120 Broadway, a copy of the purchase order is annexed to the motion, NYSCEF Doc. 261.

**159374/2018 Motion No. 008 009 010 011 012**                                    **Page 3 of 15**

[* 3]

for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

## *Discussion*

*Labor Law §200*

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002].

Moreover, "General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common-law negligence and under Labor Law § 200." (*Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224, [2004], *lv denied,* 4 NY3d 702, 790 [2004]).

In support of its motion to dismiss plaintiffs' common law negligence claims and Labor Law § 200, 120 Broadway contends that it did not have notice of a dangerous or defective condition that caused the ceiling to collapse, did not cause or create the defect, nor was it in control of the means and methods of plaintiffs' work.

Specifically, 120 Broadway contends that prior to the demolition an architect was consulted and no issues with the structural integrity of the ceiling were found. Further, there were no complaints regarding the condition of the ceiling, no demolition work conducted on the ceiling at any point and no testimony to support any apparent defects of the ceiling.

[* 4]

In opposition, plaintiffs contend that the collapse of the ceiling was foreseeable, thus establishing that 120 Broadway had constructive notice of the defective ceiling. Further, plaintiffs argue that 120 Broadway caused the defective condition, as it was a result of the demolition work that was conducted on the surrounding walls. Further, plaintiff Percuin alleges that JRM had actual and constructive notice of the dangerous condition that caused the accident, and that such knowledge should be imputed to 120 Broadway, however plaintiff Percuin does not cite to any legal authority to support that proposition.

Plaintiffs Torres and Benitez Jaramillio, contend that 120 Broadway failed to satisfy its initial burden based on an admitted lack of inspection of the ceiling.

Plaintiff Chrostowski contends that 120 Broadway is subject to liability pursuant to Labor Law § 200 based on its alleged failure to inspect and discover the defect in the subject ceiling that caused the accident. Plaintiff Chrostowski contends that because the ceiling was over 100 years old, 120 Broadway should have known that the ceiling presented a dangerous condition.

It is undisputed that 120 Broadway did not control the means and methods of the plaintiffs' work, thus the analysis turns to whether 120 Broadway caused or created the defect or had actual or constructive notice of the condition that caused the ceiling to collapse. It is undisputed that none of the plaintiffs saw any defect in the ceiling, their testimony is consistent in that there was no indication that the ceiling was in danger of collapsing. Moreover, it is undisputed that there was no demolition work done to the subject ceiling, and that there were no visible defects or complaints made regarding the ceiling.

In opposition, the plaintiffs cite to the testimony of JRM witness Mr. Flamio who inspected the portion of the ceiling that collapsed and created a report. Mr. Flamio testified that it appeared the ceiling was missing black hangars that should have been between the steel-

[* 5]

embedded terra cotta arch and the backside of the plaster ceiling's framing. *See* NYSCEF Doc. 173, p. 100, 10-25; p.101, 2-16.

This description by its very nature is latent and contrary to the plaintiffs' repeated assertions could not have been observed based on the location of being within the ceiling and it was only discovered after the ceiling collapsed and the beams were exposed.

The Court finds the facts here are analogous to *Solarte*, where the First Department modified the trial court and granted defendant's motion for summary judgment on plaintiff's Labor Law § 200 claims (*Solarte v Brearley Sch.*, ___AD3d___, 2025 NY Slip Op 02995, *1 [2025]). In *Solarte*, plaintiff was walking down a permanent staircase when a step collapsed beneath his foot, causing injuries. *Id*. The First Department held that the defect in the staircase was latent, combined with this testimony that no defects were visible, therefore no reasonable inspection would have discovered a defect. *Id*. Moreover, the First Department found that even if the defect was not latent, only plaintiff's employer had access to the area for two months before the accident. *Id*.

Here, as in *Solarte*, there is no apparent defect in the permanent structure, thus based on plaintiffs' testimony there is no constructive notice of a ceiling defect. Also as in *Solarte*, only plaintiffs and their employer had access to the location for the period of 13 days before the accident. Accordingly, the Court finds that defendant 120 Broadway is entitled to dismissal of all Labor Law §200 claims asserted against it, plaintiffs have failed to raise a triable issue of fact.

*Labor Law §240(1)*

Labor Law §240(1) states in pertinent part as follows:

> "All contractors and owners and their agents … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists,

[* 6]

> stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury. *Gordon v Eastern Railway Supply, Inc*., 82 NY2d 555, 559 [1993]; *Ross v Curtis–Palmer Hydro–Elec. Co.,* 81 NY2d 494, 500 [1993]; *Rocovich v Consolidated Edison Co*., 78 NY2d 509, 513 [1991].

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d 280 [2003]; *Rudnik v Brogor Realty Corp*., 45 AD3d 828 [2d Dept 2007]; *Forschner v Jucca Co.*, 63 AD3d 996 [2d Dept 2009]. Rather, the protections afforded by this section are invoked only where plaintiff demonstrates that he was engaged in an elevation-related activity and the failure to provide him with a safety device was the proximate cause of his injuries. *See id*.

120 Broadway contends that plaintiffs work did not involve elevated related risks nor was the ceiling collapse foreseeable, thus plaintiffs do not have a viable cause of action pursuant to Labor Law § 240(1).

All plaintiffs contend that 120 Broadway is not entitled to summary judgment, based on their assertions that they established entitlement to judgment as a matter of law. Plaintiffs separately oppose and allege that based on the earlier demolition that occurred at the location and the age of the ceiling; the accident was foreseeable. Additionally, plaintiffs allege that the absence of a safety device, specifically bracing and shoring poles to secure the ceiling after the demolition work, was the proximate cause of the accident.

Similar to plaintiffs Torres and Jamarillo in their motion for summary judgment, plaintiff Percuin contends, without support, that the First Department has found that the collapse of a

permanent ceiling during or after demolition operations in the immediate vicinity mandates the imposition of summary judgment in their favor. The cases cited are all distinguishable and involve demolition work in progress, *see Mena v 485 Seventh Ave., Assoc. LLC*, 199 AD3d 420 [1st Dept 2021]; *Clemente v 205 W. 103 Owners Corp.*, 180 AD3d 516 [1st Dept 2020]; *Purcell v Visiting Nurses Found. Inc.*, 127 AD3d 572 [1st Dept 2015]; *Mata v 371 1st St. LLC*, 226 AD3d 569 [1st Dept 2024]; *Sinchi v HWA 1290 III LLC*, 184 AD3d 408 [1st Dept 2020].

Importantly, plaintiffs do not rebut or attempt to distinguish the cases cited by 120 Broadway, rather it treats its opposition as further opportunity to repeat the position that plaintiffs are entitled to summary judgment. Unfortunately, the cases relied upon in support of their contentions have already been determined by this Court to be distinguishable and inapplicable to the facts herein. Plaintiffs' repeated citation to speculative testimony of that the collapse of the ceiling was foreseeable, two weeks after the demolition work, because of the absence of bracing or shoring devices is not persuasive. Moreover, plaintiffs urge this Court to ignore 120 Broadway's expert affidavit as conclusory, and instead rely on its expert's affidavit, which the Court finds equally conclusory. Neither expert affidavit provides any relevant analysis, or industry practice, just conclusory alleged findings of fact based on the review of testimony, and assumed factual allegations, thus the Court relies on neither in making its determination.

Plaintiffs have failed to address the First Department's holding in *Jones v 414 Equities LLC*, 57 AD3d 65 [1st Dept 2008], that plaintiff must establish that the collapse of the permanent structure, there a floor and here a ceiling, was foreseeable. Thus, as a matter of law, plaintiffs have failed to rebut 120 Broadway's initial showing of entitlement to dismissal of this cause of action.

As to the arguments that shoring poles were installed after the accident, and this information is admissible to establish negligence, is without legal authority. It is well established

[* 8]

that evidence of subsequent remedial measures is inadmissible to establish negligence (*Hualde v Otis El. Co.*, 235 AD2d 269, 270 [1st Dept 1997]).  Accordingly, the Court will not consider plaintiffs' arguments that said evidence is admissible to establish an existence of a dangerous condition as the authority cited for this proposition is not binding and contrary to the law in this judicial department.

*Labor Law §241(6)*

Labor Law § 241(6) states in pertinent part that "all areas in which *construction, excavation or demolition* work is being performed shall be so constructed … as to provide reasonable and adequate protection and safety to the persons employed therein…". To recover under § 241(6), plaintiff needs to establish that first, the type of work plaintiff was performing at the time of injury is within the coverage of the law, i.e., it is among construction, excavation or demolition work; second, which Industrial Code Rules have been violated by defendants.

Coverage under Labor Law §241(6) is withheld where the alleged injury occurred outside the context of a construction, demolition or excavation work. See *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103.

120 Broadway seeks dismissal of all plaintiffs' Labor Law § 241(6) claims on the grounds that the cited Industrial Code provisions are inapplicable to the facts herein.  Plaintiffs only oppose the dismissal of two Industrial Code sections; accordingly, the remaining alleged sections are dismissed without opposition.

Plaintiffs Torres, Benitez Jaramillio and Percuin allege violations of Industrial Code 12 NYCRR § 23-3.3(c), which states:

> During hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material. Persons shall not be

**159374/2018 Motion No.  008 009 010 011 012**                                          **Page 9 of 15**

[* 9]

suffered or permitted to work where such hazards exist until protection has been provided by shoring, bracing or other effective means.

There was no demolition ongoing at time of the accident, or for two weeks prior. The Court is satisfied that 120 Broadway has established that this Industrial Code is inapplicable. Although plaintiff Chrostowski alleges a violation of this Industrial Code, he does not identify

Plaintiff Percuin alleges violation of Industrial Code 12 NYCRR § 23-1.7(a) entitled protection from general hazards, subsection overhead hazards. Subsections a (1) and (2) both relate to work locations that are normally exposed to falling material. In support of its position that this industrial code does not apply to this matter, 120 Broadway cites to *Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263 [1st Dept 2007]. *Buckley* stands for the proposition that when an object falls on a worker unexpectedly, in an area not normally exposed to falling material, Industrial Code 12 NYCRR § 23-1.7(a) does not apply. *Id* at 271. Plaintiff Percuin has not proffered any facts to support the contention that this industrial code applies to the instant action.

Plaintiff Chrostowski asserts that *Buckley* does not apply, because the ceiling did not fall onto plaintiffs' unexpectedly. However, there is nothing in the record that alludes to the expectation of falling material at the plaintiffs' worksite, much less the collapse of a permanent ceiling. Contrary to plaintiff Chrostowki's position, 120 Broadway has already established that the collapse of the ceiling was not foreseeable and thus this industrial code does not apply. Plaintiffs worked on the 40th floor for nearly two weeks without issue or being exposed to any falling objects. The Court finds that 120 Broadway has established that this section is inapplicable because the 40th floor was not a site where plaintiffs were normally exposed to falling objects.

[* 10]

Because the only industrial code plaintiff Torres opposed dismissal of was Industrial Code 12 NYCRR § 23-3.3(c), and 120 Broadway has established that it is not applicable, 120 Broadway's motion seeking dismissal of plaintiff Torres' Labor Law § 241 (6) claims is granted. Further, 120 Broadway has established that Industrial Code 12 NYCRR § 23-1.7(a) is not applicable to the instant matter, thus plaintiffs Percuin and Chrostowski's Labor Law § 241 (6) claims are also dismissed.

*Res Ipsa Loquitor*

Plaintiffs assert that the doctrine of *res ipsa loquitor* is applicable in the instant action. 120 Broadway asserts that *res ipsa loquitor* is inapplicable because it did not have exclusive control of the ceiling, rather plaintiffs were in exclusive control and could have contributed to the ceiling collapse.

"The criteria for res ipsa loquitur are as follows:(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006] internal quotations and citations omitted).

In opposition to 120 Broadway's motion, plaintiff Chrostowski, contends that JRM's negligence caused the ceiling to collapse, thus 120 Broadway cannot rebut the "inference of negligence". This argument is not supported by any legal authority and plaintiff fails to address 120 Broadway's arguments. Plaintiffs Percuin, Torres and Jamarillo, do not oppose this portion of 120 Broadway's motion.

Here, the Court finds that 120 Broadway has established that the doctrine of *res ipsa loquitor* is inapplicable as plaintiffs were in exclusive control of the location of the accident for a period of two weeks before the accident occurred.

*Contractual Indemnification*

Because 120 Broadway seeks contractual indemnification as an alternative form of relief, if it is unsuccessful in its motion for summary judgment, the Court does not reach the portion of 120 Broadway's motion seeking contractual indemnity. The Court does find however, based on the reasoning set forth herein, 120 Broadway has established that dismissal of cross claims asserted against it is warranted.

JRM's Cross Motion

With respect to the cross claim that JRM failed to procure the proper insurance, 120 Broadway did not seek summary judgment as to that claim nor did it oppose or refute JRM's showing that insurance was properly retained. Thus, JRM has established entitlement to dismissal of that cross claim. Further, 120 Broadway only opposes JRM's motion to the extent that this Court finds it is not entitled to dismissal of the causes of action against it. Here, this Court finds that 120 Broadway has established its entitlement to judgment as a matter of law, thus the cross claims it has asserted are no longer viable, thus the remainder of the cross motion is denied as moot.

### *Motions Sequences 009 and 010*

JRM has moved to dismiss all plaintiffs' complaints, motion sequence 009, and has moved separately for contractual indemnity against Rite-Way.

In support of its motion to dismiss plaintiffs' common law negligence claims and Labor Law § 200, JRM contends that it did not have notice of a dangerous or defective condition

**159374/2018 Motion No. 008 009 010 011 012**                                    **Page 12 of 15**

that caused the ceiling to collapse, did not cause or create the defect, nor was it in control of the means and methods of plaintiffs' work. It is undisputed that JRM did not perform any work the subject ceiling.

For the reasons already indicated with respect to 120 Broadway's motion for summary judgment, JRM's motion for summary judgment is granted and its motion for contractual indemnification is denied as moot.

### *Motion Sequence 011*

Rite-Way moves to dismiss plaintiffs' complaints. As already determined above the only viable cause of action that remains against Rite-Way are claims pursuant to common law negligence claims and Labor Law § 200.

Rite-Way has established that it did not control the means and methods of plaintiffs' work, was not on notice of any defective condition, as the record is clear that there were no complaints or visible defects on the ceiling. Although Rite-Way contends that it cannot be held liable because it is neither the owner or the general contractor, that fact does not preclude a finding of liability if it is determined that Rite-Way has caused or created the defect. Here, the record establishes that Rite-Way did not cause or create the defect as it is undisputed that it did not demolish any portion of the ceiling and that it's work was done two weeks before the date of the accident.

Although the notice of motion did not seek relief of the contractual indemnification claims asserted against it, those claims are now moot.

### *Motion Sequence 012*

Plaintiff Percuin moves for summary judgment on his Labor Law §§240(1), 241(6) and §200 claims as against defendants. The Court has already determined, based on the reasons indicated above, that defendants have established entitlement to judgment as a matter of law,

**159374/2018 Motion No. 008 009 010 011 012**                    **Page 13 of 15**

plaintiff has failed to rebut this showing much less establish its entitlement to judgment as a matter of law.

The Court has considered any additional arguments raised by the parties which are not discussed herein, and the court denies all requests for relief not expressly granted. Accordingly, it is hereby

ORDERED that motion sequence 008 is granted in that plaintiffs' complaints are dismissed in their entirety as against defendants 120 Broadway LLC, 120 Broadway Holdings, LLC, 120 Broadway Condominium, 120 Broadway Properties LLC and Silverstein Properties, Inc.; and it is further

ORDERED that JRM's motion seeking dismissal of 120 Broadway's cross claim asserting a breach of contract is granted, the cross motion is otherwise denied as moot; and it is further

ORDERED that motion sequence 009 is granted in that plaintiffs' complaints are dismissed in their entirety as against defendant JRM Construction Management, LLC; and it is further

ORDERED that motion sequence 010 is denied as moot; and it is further

ORDERED that motion sequence 011 is granted in that plaintiffs' complaints are dismissed in their entirety as against defendant Rite-Way Internal Removal, Inc.; and it is further

ORDERED that motion sequence 012 is denied; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20250530114550LFRANKB38F0?4A4CC642F2BD7BDC1C335BE684

**5/30/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

**CHECK ONE:** [X] CASE DISPOSED [ ] NON-FINAL DISPOSITION

[X] GRANTED [ ] DENIED [ ] GRANTED IN PART [ ] OTHER

**APPLICATION:** [ ] SETTLE ORDER [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:** [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

**159374/2018 Motion No. 008 009 010 011 012**

**Page 15 of 15**

[* 15]