Palumbo v Citigroup Tech., Inc. (2025 NY Slip Op 04298)

Palumbo v Citigroup Tech., Inc.

2025 NY Slip Op 04298

Decided on July 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Ind No. 155343/20|155343/20|Appeal No. 4200|Case No. 2024-04797|

[*1]Matthew Palumbo et al., Plaintiffs-Appellants-Respondents,
v
Citigroup Technology, Inc., et al., Defendants-Respondents-Appellants. 

Sacks & Sacks LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Malapero Prisco & Klauber LLP, New York (Francis B. Mann, Jr. of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 26, 2024, which, to the extent appealed from, granted the motion of defendants for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240(1) causes of action and the Labor Law § 241(6) cause of action except as predicated on Industrial Code (12 NYCRR) § 23-1.5(c)(3), and denied plaintiffs' cross-motion for summary judgment on their Labor Law § 240(1) cause of action, unanimously modified, on the law, to grant plaintiffs' cross-motion for summary judgment on the Labor Law § 240(1) cause of action and deny defendants' motion for summary judgment on that cause of action, and otherwise affirmed, without costs.
Plaintiff Matthew Palumbo (plaintiff) alleges that he was injured while standing on a stack of two pallets approximately 10 ½ to 20 inches high to use an elevated wet saw, when his foot broke though one of the wooden slabs of the top pallet, causing him to lose his balance and fall to the ground. The wet saw was installed inside a plastic tub placed on cinder blocks. The stack of pallets next to the wet saw enabled plaintiff to be at the same height as the wet saw while operating it for his masonry work. The modification was made to address a tenant complaint about water run-offs from the wet saw.
Plaintiffs are entitled to partial summary judgment on their Labor Law § 240(1) cause of action because the evidence shows plaintiff's fall was the result of exposure to an elevation-related hazard. Specifically, the stack of pallets was being used to facilitate plaintiff's access to the wet saw, which itself had been placed at an elevation because of the modification (see Megna v Tishman Constr. Corp. of Manhattan, 306 AD2d 163, 164 [1st Dept 2003]; Brown v 44th St. Dev., LLC, 137 AD3d 703, 703-704 [1st Dept 2016]).
The fact that plaintiff fell from a height of approximately 10 ½ to 20 inches is not a bar to summary judgment because the height differential is not, as a matter of law, de minimis. While this Court has previously held that a height differential of at most 12 inches above the floor was insufficient to find an elevation-related risk (see e.g. Cappabianca v Skanska USA Bldg., Inc., 99 AD3d 139, 146 [1st Dept 2012]), the jurisprudence of this Court has since evolved, recently reiterating that "[t]here is no bright-line minimum height differential that determines whether an elevation hazard exists" (Haskins v Metropolitan Transp. Auth., 227 AD3d 409, 409 [1st Dept 2024], quoting Brown, 137 AD3d at 704, and citing Arrasti v HRH Constr. LLC, 60 AD3d 582, 583 [1st Dept 2009]). We have repeatedly found violations of Labor Law § 240(1) predicated upon falls from similar heights as the one at bar (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634, 635 [1st Dept 2019] [fall from inverted bucket]; see also Megna, 306 AD2d at 164 [fall from temporary two-step wooden staircase]; Brown, 137 AD3d at 703-704 [fall through an opening in latticework [*2]rebar deck to plywood 12 to 18 inches below]; Arrasti, 60 AD3d at 583 [fall from ramp to the floor 18 inches below]; Haskins, 227 AD3d at 409 [fall into hole 2 to 2 ½ feet deep]). Furthermore, here, the senior superintendent of defendant Tishman Construction Corporation of New York admitted that the makeshift pallet structure was an "improper work platform" that was "against the most basic safety rules."
Supreme Court properly dismissed the common-law negligence and Labor Law § 200 claims after determining that the accident arose from the means and methods of plaintiff's work and not a dangerous premise condition, as the pallets were placed to accommodate the new height of the wet saw (see Cappabianca, 99 AD3d at 143-146). The evidence demonstrates that Tishman, the general contractor, did not direct or supervise plaintiff's work. Although Tishman had general authority to supervise and coordinate subcontractors, including plaintiff's employer, this general authority falls short of the level of supervision or control over plaintiff's work required to find a general contractor liable under Labor Law § 200 (see Bisram v Long Is. Jewish Hosp., 116 AD3d 475, 476 [1st Dept 2014]).
In light of the grant of plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240(1), defendants' arguments regarding plaintiffs' claims
under Labor Law § 241(6) are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 24, 2025